```
-----------------------------------------X
```
In The Matter Of The Arbitration

    between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,        OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council         AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,           AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and New York City
and Vicinity Joint Labor Management Cooperation
Trust Fund, by Michael J. Forde and Paul
O'Brien, Trustees

                          (Funds)

    -and-

GLEN ROCK CONSTRUCTION LLC
                      (Employer)
```
-----------------------------------------X
```
BEFORE: Robert Herzog, Esq.

    GLEN ROCK CONSTRUCTION LLC (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements, dated July 1, 2001 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Funds, as beneficiary

1

of the Collective Bargaining Agreements, have standing before the Arbitrator. In accordance therewith, the Funds, by a January 3, 2007 Notice of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of March 10, 2006 through October 19, 2006 as required by the Collective Bargaining Agreements.

Notices of Hearing dated January 19, 2007 and February 17, 2007 advised the Employer and the Funds that arbitration hearings were scheduled for February 13, 2007 and March 28, 2007 respectively. The Notices of Hearing were sent to the Employer by regular and certified mail. United States Postal Service Certified Mail Return Receipts evidence delivery of both Notices of Hearing to the Employer.

On February 13, 2007, at the place and time designated by the January 19, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Funds and Kathleen Hintzen, Controller for Glen Rock Construction LLC, appeared on behalf of the Employer. Ms. Hintzen requested that the February 13, 2007 hearing be adjourned to enable the Employer to negotiate a payment plan with Funds' Counsel prior to the next scheduled hearing date. The adjournment request was granted.

On March 28, 2007, at the place and time designated by the February 17, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared

on behalf of the Funds. Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made. Also, no written, mutually agreed upon waiver by the parties to adjourn the March 28, 2007 proceeding, as required by the Collective Bargaining Agreements, was presented. The arbitration begun on February 13, 2007 proceeded on March 28, 2007. Full opportunity was afforded the parties to be heard, to offer evidence, and to examine witnesses. The Funds thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the March 10, 2006 through October 19, 2006 period, the Employer was bound to Collective Bargaining Agreements with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.
- The Collective Bargaining Agreements authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.
- No payment plan was negotiated by the Employer with the Funds or Funds' Counsel on or before March 28, 2007.

The testimony of the Funds' auditor, Mr. Anthony Sgroi, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of March 10, 2006 through October 19, 2006. The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Sgroi's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency and interest for the March 10, 2006 through October 19, 2006 period was fourteen thousand two hundred six dollars and nineteen cents ($14,206.19). The Funds requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreements. Testimony computing these amounts was received into evidence.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. GLEN ROCK CONSTRUCTION LLC is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreements;

2. GLEN ROCK CONSTRUCTION LLC shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest, the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

| | |
|---|---:|
| Principal Due | $ 13,539.99 |
| Interest Due | 666.20 |
| Liquidated Damages | 2,708.00 |
| Late Payment Interest | 309.69 |
| Promotional Fund | 83.40 |
| Court Costs | 350.00 |
| Audit Costs | 500.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $ 20,157.28 |

3. GLEN ROCK CONSTRUCTION LLC shall pay to the District Council Carpenters Benefit Funds the aggregate amount of twenty thousand one hundred fifty-seven dollars and twenty-eight cents

5

($20,157.28) with interest to accrue at the rate of 10% from the date of this Award.

_____
Robert Herzog
Arbitrator

Dated: April 2, 2007

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Robert Herzog
Arbitrator

Dated: April 2, 2007

To:  GLEN ROCK CONSTRUCTION LLC
     Attn: Jim Stumpf, President
     142 West 36th Street, Suite 408
     New York, New York 10018

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014